IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40490 |
| | ) | |
| SCOTT L. PEARSON and | ) | CH. 7 |
| KRISTIN L. PEARSON, | ) | |
| | ) | |
| Debtor(s). | ) | Filing No. 57, 60, 75, 82, 84 |

## ORDER

Hearing was held in Lincoln, Nebraska, on October 25, 2006, regarding Filing No. 57, Motion to Sell Free and Clear, filed by the trustee; Filing No. 60, Resistance, filed by Walter C. Meyer, Jr.; Filing No. 75, Objection/Resistance, filed by the debtors; Filing No. 82, Response, filed by the trustee; and Filing No. 84, Objection to Exemptions, filed by the trustee. James Bocott appeared for the debtors, Philip Kelly appeared as Chapter 7 Trustee, Timothy Brouillette appeared for Walter C. Meyer, Jr., and David Pederson appeared for First National Bank of North Platte.

The Chapter 7 debtors owned a business which purchased, restored, and resold Ford Mustangs. When they filed the Chapter 7 petition, the business premises contained numerous partially completed vehicles, parts for vehicles, and equipment for the repair and restoration of the vehicles. The Chapter 7 trustee has proposed an auction sale of all of the assets, and has extensively advertised the auction sale through the auspices of the auctioneer. The trustee provided notice of the proposed sale to the debtors and to all creditors and other interested parties.

The debtors have objected to the proposed sale and the debtors have claimed one of the vehicles listed to be sold as exempt under Nebraska law. The objection is that the trustee is not properly selling the vehicles. Mr. Pearson suggests that there is a limited and specialized market for the type of vehicles he deals with and that they should be sold in a manner similar to how expensive classic vehicles would be sold. He suggests that the use of the Internet and organizations such as eBay or similar entities will enable the trustee to receive significantly more money from purchasers located all over the world than the trustee will receive from purchasers who will be responding to a published advertisement in the Midwest.

The trustee responds to the objection with a statement from the auctioneer that the advertising has generated numerous phone calls and plans for potential purchasers to come to the site early to view the materials being sold. In addition, the trustee suggests that the debtor does not have standing to object because the debtor has no financial interest in the proceeds of the sale. The trustee points out that it is not anticipated that the sale will bring anything close to the total amount of claims so there will be no surplus to be distributed to the debtor under § 726 of the Bankruptcy Code.

The objection of the debtor is denied. The trustee is interested in receiving as much as possible for the assets of the estate. He has exercised his business judgment, employed a professional auctioneer firm which has extensively advertised the sale and which has received significant interest from potential purchasers. Although it is always possible that if the trustee sold

the vehicles one at a time through eBay or a similar entity, the net result would exceed what the trustee will receive from the proposed auction. However, the possibility of obtaining such an excess is speculative and the reality is the trustee would need to retain the vehicles in rented premises for several months while attempting to market the vehicles. In addition, there are numerous parts and pieces of equipment which are being included in the auction which would not likely be marketable over the Internet without the trustee spending considerable amounts of time to eventually liquidate all of the assets of the estate. Finally, the secured creditor, First National Bank of North Platte, supports the auction process and desires to eliminate its obligation to assist the trustee in paying the rent and utilities.

With regard to the claim of exemption, it is also denied. The debtor claims an exemption in one of the vehicles that was located on the premises on the date the petition was filed and is still located on the premises. The exemption is claimed under Neb. Rev. Stat. § 25-1556(4). That section provides, in relevant part,

> No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state: . . . (4) the debtor's interest, not to exceed an aggregate fair market value of two thousand four hundred dollars, in implements, tools, or professional books or supplies held for use in the principal trade or business of such debtor or his or her family, which may include one motor vehicle used by the debtor in connection with his or her principal trade or business or to commute to and from his or her principal place of trade or business[.]

The vehicle in question was not and is not used by the debtors either to commute to and from their employment or in connection with their business. On the petition date they had other vehicles which fit the statutory exemption language.

The second objection to the trustee's proposed sale deals solely with one vehicle. Mr. Meyer advanced funds to Mr. Pearson to enable Mr. Pearson to purchase the vehicle in need of repair and restoration and to purchase parts for that vehicle. On the date the petition was filed, the debtor had not delivered possession of a completed vehicle to Mr. Meyer. In addition, although the debtor had executed that portion of the certificate of title to the vehicle which showed Mr. Pearson as the owner/seller, and Mr. Meyer had his name affixed to that portion of the certificate of title which listed him as purchaser, he had not signed the certificate of title, and he was never given possession of the certificate of title. The Nebraska statutes at Neb. Rev. Stat. § 60-140 (Supp. 2005) state, in relevant part:

> [N]o person acquiring a vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or entity or person, shall acquire any right, title, claim, or interest in or to such vehicle until the acquiring person has had delivered to him or her physical possession of such vehicle and (1) a certificate of title . . . . No court shall recognize the right, title, claim, or interest of any person in or to a vehicle, for which a certificate of title has been issued in Nebraska, sold, disposed of, mortgaged, or encumbered, unless there is compliance with this section.

Since Mr. Meyer did not have possession of the vehicle or possession of a title which showed title in Mr. Meyer's name, under Nebraska law he has no recognizable interest in the vehicle. His objection is therefore denied. The trustee is free to proceed with the auction.

IT IS ORDERED: The Chapter 7 trustee's motion to sell free and clear (Fil. #57) is granted. The Chapter 7 trustee's objection to exemptions (Fil. #84) is granted.

DATED this 30th day of October, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    James Bocott
    *Philip Kelly
    Timothy Brouillette
    David Pederson
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.